1
2
3
4
5
6
7                    **IN THE UNITED STATES DISTRICT COURT**

8              **FOR THE EASTERN DISTRICT OF CALIFORNIA**

9

10   DARRYL FUNDERBURK,                          1:07-cv-01394-OWW-TAG HC

11                    Petitioner,               ORDER TO SHOW CAUSE WHY
                                                 PETITION SHOULD NOT
12            vs.                                BE DISMISSED FOR FAILURE TO
                                                 EXHAUST STATE COURT REMEDIES
13   W. J. SULLIVAN, et al.,
                                                 [Doc. 1]
14                    Respondents.
     _____/
15

16            Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

17   pursuant to 28 U.S.C. § 2254.

18            The court has reviewed the petition and finds that it contains claims that have not been

19   exhausted through the state court remedies.  In the petition, Petitioner alleges that he was convicted

20   in the Superior Court located in Victorville, California, on June 1, 2007.  (Doc. 1. P. 2).  Petitioner

21   contends that the California Department of Corrections and Rehabilitation unlawfully removed

22   money from Petitioner's trust account in violation of the trial court's restitution order.  (Doc. 1, p. 3).

23   Petitioner further alleges that his direct appeal is pending in the California Court of Appeal, Fourth

24   Appellate District (the "4th DCA") in its case number E043502.  (Doc. 1, p. 2).  Petitioner does not

25   allege that he filed any collateral relief in the state courts regarding this issue, although he does

26   allege that he has filed "602" claims with Respondent but has yet to have those claims resolved.

27   (Id. at p. 3).  .

28   ///

                                                     1

1    A petitioner who is in state custody and wishes to collaterally challenge his conviction by a

2    petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1).

3    The exhaustion doctrine is based on comity to the state court and gives the state court the initial

4    opportunity to correct the state's alleged constitutional deprivations.  Coleman v. Thompson, 501

5    U.S. 722, 731, 111 S.Ct. 2546, 2554-2555 (1991);  Rose v. Lundy, 455 U.S. 509, 518, 102 S.Ct.

6    1198, 1203 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

7    A petitioner can satisfy the exhaustion requirement by providing the highest state court with a

8    full and fair opportunity to consider each claim before presenting it to the federal court.  Picard v.

9    Connor, 404 U.S. 270, 276, 92 S.Ct. 509, 512 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir.

10   1996).  A federal court will find that the highest state court was given a full and fair opportunity to

11   hear a claim if the petitioner has presented the highest state court with the claim's factual and legal

12   basis. Duncan v. Henry, 513 U.S. 364, 365, 115 S.Ct. 887, 888 (1995) (legal basis); Kenney v.

13   Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis). Additionally, the petitioner

14   must have specifically told the state court that he was raising a federal constitutional claim.  Duncan,

15   513 U.S. at 365-366, 115 S.Ct. at 888; Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998).  For

16   example, if a petitioner wishes to claim that the trial court violated his due process rights "he must

17   say so, not only in federal court but in state court."  Duncan, 513 U.S. at 366, 115 S.Ct. at 888.

18   The Court must dismiss a petition that contains unexhausted claims, even if it also contains

19   exhausted claims.  Rose, 455 U.S. at 521-522, 102 S.Ct. at 1205; Calderon v. United States Dist.

20   Court (Gordon), 107 F.3d 756, 760 (9th Cir. 1997).

21   Here, it is apparent that Petitioner has not presented his claims to the California Supreme

22   Court, and the entire petition is unexhausted.

23   Petitioner will therefore be ordered to show cause why the Petition should not be dismissed

24   for failing to exhaust state court remedies.  Should it be the case that the claims were exhausted,

25   Petitioner should make clear when and in what court the claims were raised.  If possible, Petitioner

26   should present to the Court documentary evidence that the claims were indeed presented to the

27

28

2

1    California Supreme Court.[1]

2           If the Petition contains unexhausted claims, Petitioner may, at his option, withdraw the

3    unexhausted claims and go forward with the exhausted claims.  Anthony v. Cambra, 236 F.3d 568,

4    574 (9th Cir.2000) ("habeas litigants must have opportunity to amend their mixed petitions by

5    striking unexhausted claims as an alternative to suffering dismissal").

6           Petitioner may also move to withdraw the unexhausted claims and move to hold the petition

7    in abeyance while the unexhausted claims are exhausted in state court.  See Kelly v. Small, 315 F.3d

8    1063 (9th Cir. 2003); Ford v. Hubbard, 305 F.3d 875 (9th Cir. 2002).  However, such a request will

9    not be considered by the Court until the Petition contains only exhausted claims and it is clear that

10   the Petition is not barred by the statute of limitations.

11          Petitioner may also move to withdraw the entire Petition and return to federal court only

12   when he has finally exhausted his state court remedies.  Petitioner should bear in mind, however, that

13   there exists a one year statute of limitations applicable to federal habeas corpus petitions.  28 U.S.C.

14   § 2244(d)(1); Ford, 305 F.3d at 885-885.  In most cases, the one year period starts to run on the date

15   the California Supreme Court denied Petitioner's direct review.  See id.  Although the limitations

16   period tolls while a properly filed request for collateral review is pending in state court, 28 U.S.C.

17   § 2244(d)(2), it does not toll for the time an application is pending in federal court. Duncan v.

18   Walker, 531 U.S. 991 (2001).

19          Finally, Petitioner can do nothing and risk dismissal of the entire Petition should the Court

20   later find that the Petition contained unexhausted claims.

21          Accordingly, the Court HEREBY ORDERS:

22          1.      Petitioner is ORDERED TO SHOW CAUSE within thirty (30) days of the date of

23                  service of this Order why the Petition should not be dismissed for failing to exhaust

24                  state court remedies.

25   ///

26

27          [1]A copy of the California Supreme Court's denial alone is insufficient to demonstrate exhaustion.  The proper
     documentation to provide would be a copy of the Petition *filed* in the California Supreme Court that includes the claim now
28   presented and a file stamp showing that it was indeed filed in that Court.

3

1    Petitioner is forewarned that his failure to comply with this order may result in Findings and

2  Recommendations recommending that the Petition be dismissed.

3

4  IT IS SO ORDERED.

5  Dated:   **January 15, 2008**                                    **/s/ Theresa A. Goldner**

6  _____                                                          UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4