**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DARRYL FUNDERBURK,<br><br>            Petitioner,<br><br>     vs.<br><br>W. J. SULLIVAN, et al.,<br><br>            Respondents.<br>_____/ | 1:07-cv-01394-OWW-TAG HC<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR FAILURE TO EXHAUST STATE COURT REMEDIES [Doc. 1]<br><br>ORDER REQUIRING OBJECTIONS TO BE FILED WITHIN FIFTEEN DAYS |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**PROCEDURAL HISTORY**

Petitioner filed his petition on August 1, 2007. (Doc. 1). In the petition, Petitioner alleges that he was convicted in the Superior Court located in Victorville, California, on June 1, 2007. (Doc. 1. p. 2). Petitioner contends that the California Department of Corrections and Rehabilitation unlawfully removed money from Petitioner's trust account in violation of the trial court's restitution order. (Doc. 1, p. 3). Petitioner further alleges that his direct appeal is pending in the California Court of Appeal, Fourth Appellate District in case number E043502. (Doc. 1, p. 2). Petitioner does not allege that he filed any collateral relief in the state courts regarding this issue, although he does allege that he has filed "602" claims with Respondent but has yet to have those claims resolved. (Id. at p. 3).

On January 16, 2008, the Court issued an Order to Show Cause why the petition should not be dismissed for lack of exhaustion. (Doc. 9). The Order to Show Cause gave Petitioner an

opportunity to file a response within thirty days that contained information that would establish that Petitioner had in fact exhausted his remedies in state court. Petitioner did not file a response.

## DISCUSSION

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731, 111 S.Ct. 2546 (1991); Rose v. Lundy, 455 U.S. 509, 518, 102 S.Ct. 1198 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Picard v. Connor, 404 U.S. 270, 276, 92 S.Ct. 509 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan v. Henry, 513 U.S. 364, 365, 115 S.Ct. 887 (1995) (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715 (1992) (factual basis), superceded by statute as stated in Williams v. Taylor, 529 U.S. 432-434, 120 S. Ct. 1479 (2000). Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-366; Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1999). For example, if a petitioner wishes to claim that the trial court violated his due process rights "he must say so, not only in federal court but in state court." Duncan, 513 U.S. at 366.

The Court must dismiss a petition that contains unexhausted claims, even if it also contains exhausted claims. Rose, 455 U.S. at 521-522; Calderon v. United States Dist. Court (Gordon), 107 F.3d 756, 760 (9th Cir. 1997) (en banc) cert. denied, 522 U.S. 907, 118 S.Ct. 265 (1997).

Here, it is obvious from the petition that Petitioner has not presented his claims to the California Supreme Court. The entire petition is unexhausted. If Petitioner has not presented his claims for federal relief to the California Supreme Court, the Court must dismiss the petition. See Calderon, 107 F.3d at 760; Greenawalt v. Stewart, 105 F.3d 1268, 1273 (9th Cir. 1997). Moreover,

since all of Petitioner's claims are unexhausted, the Court cannot permit Petitioner to withdraw only the unexhausted claims, because it would result in a petition that contained no claims whatsoever. Therefore, the only alternative is to dismiss the petition in its entirety.

## RECOMMENDATIONS

Accordingly, the Court HEREBY RECOMMENDS that the petition for writ of habeas corpus (Doc. 1), be DISMISSED for lack of exhaustion.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fifteen (15) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). Failure to file objections within the specified time may waive the right to appeal the District Judge's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:  **May 21, 2008**                              **/s/ Theresa A. Goldner**
                                                                   UNITED STATES MAGISTRATE JUDGE